```
                IN THE UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                      PLAINTIFF

         v.                    NO. 2:09cr20026-RTD-7

SALVADOR ZARATES                                              DEFENDANT

**<ins>SENTENCING MEMORANDUM</ins>**

The Federal Sentencing Guidelines are advisory in nature. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). After determining the guideline range, the district court should address the statutory sentencing factors at 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). A challenge to the reasonableness of a sentence imposed by the district court is reviewed for abuse of discretion. *United States v. Price*, 542 F.3d 617, 622 (8th Cir. 2008). For the reasons that follow, the Court will vary downward under section 3553(a) from the advisory Sentencing Guidelines in the case of *United States v. Salvador Zarates*.

District courts have an institutional advantage over other courts in determining the appropriateness of a sentence based on the facts of a particular case and the application of the sentencing factors at section 3553(a). *United States v. Bueno*, 549 F.3d 1176, 1182 (8th Cir. 2008). Pursuant to section 3553(a), a district court should consider "the nature and circumstances of the offense" and the need for the sentence "to reflect the seriousness

of the offense . . . and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(1)-(2)(A). In the present case, Defendant was charged only in count seven of the seven-count indictment handed down against Defendant and six co-defendants. He was charged with attempted possession of cocaine with intent to distribute. His involvement in the broader crack-cocaine distribution operation, that was ultimately dismantled as a result of the charges filed in this case, is limited to attempting to buy two ounces of powder cocaine from an individual far more intimately involved in the distribution of drugs. However, due to the application of the Chapter Four Enhancement under the Sentencing Guidelines, a term of imprisonment for 151 to 188 months is advised.[1] The Court finds that such a severe punishment, arising from limited involvement in the instant criminal conduct, is both unwarranted and unjust. The Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when fashioning an appropriate sentence. 18 U.S.C. § 3553(a)(6). The Court specifically notes that a series of motions for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) have

---

[1] A co-defendant did not receive the Chapter Four Enhancement because, despite multiple drug offenses, his charges were for possession rather than distribution. The distinction between possession and distribution offenses may be a matter of semantics when evaluating the substantive differences among defendants with long criminal histories. The Court only notes that the application of the Chapter Four Enhancement in this case has resulted in an inequitable term of imprisonment for Defendant Zarates.

been filed in this case. They have resulted in defendants who are far more culpable than Zarates receiving sentences that are less severe. "To provide just punishment," the Court imposes a term of imprisonment for seventy-seven (77) months to be followed by a three (3) year term of supervised release. 18 U.S.C. § 3553(a)(2)(A). Defendant is further ordered to pay a fine in the amount of $2,500.00 and a $100 mandatory special assessment.

IT IS SO ORDERED this 17th day of February 2010.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge